IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAN WHITE COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-789-SLR |
| | ) |
| COMMISSIONER STANLEY TAYLOR, | ) |
| CHIEF ADULT PRISONS PAUL | ) |
| HOWARD, WARDEN/BWCI PATRICK | ) |
| RYAN, CAPTAIN JOSEPH MOORE, | ) |
| DIRECTOR CHIEF EMANUEL | ) |
| WALKER, MEDICAL DIRECTOR | ) |
| SIHAGOMBETH ALLIE, DR. ARUMAR, | ) |
| and DANA BAKER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 23d day of March, 2007, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background**. Plaintiff Jan White Coleman, an inmate at the Delores J. Baylor Women's Correctional Institution ("BWCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983. She appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks

redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

4. **Discussion**. Plaintiff seeks compensation for pain and suffering, malpractice, negligence, and deliberate indifference to her serious medical needs. Plaintiff alleges that she became ill on February 9, 2005, in the wee hours of the morning and was taken to medical. She was ultimately seen by a nurse practitioner who referred plaintiff to the chronic care physician, defendant Dr. Arumar ("Dr. Arumar"). Plaintiff alleges that while waiting to see Dr. Arumar she was housed in a dusty room that stored medical equipment. She alleges she had to lie on dirty linen and

there were two bags of three week old trash in the room. Plaintiff alleges that she asked for a grievance form, was not given one, and told she would see the doctor in another room.

5. Plaintiff was examined and treated by Dr. Arumar who told her she had flu-like symptoms. As plaintiff left the examining room and went to retrieve her belongings, she saw defendant health supervisor administrator Dana Baker ("Baker") and another person cleaning and sanitizing the room where she had waited for Dr. Arumar.

6. The next day, February 10, 2005, plaintiff's condition had worsened. On February 11, 2005, her condition continued to worsen and she submitted several sick call slips. She was unable to swallow anything unless it was soft or liquid, but was not given a liquid diet. Plaintiff complained to two nurses and they told her to continue with the medication and that she was down to see the chronic care doctor. Plaintiff was examined by Dr. Arumar on February 16, 2005, after corrections officers called medical and explained that plaintiff needed medical attention. Dr. Arumar told plaintiff that her symptoms were likely "that of HIV." Plaintiff received treatment from Dr. Arumar and Baker who "fouled up" when she administered the IV. Dr. Arumar sought permission to have plaintiff admitted to St. Francis Hospital where she remained for seven days. Defendant Medical Director Allie ("Allie") told plaintiff that she would undergo several tests, but more than likely her symptoms were "that of HIV."

7. The medical staff at St. Francis Hospital determined that plaintiff had an allergic reaction to the medications she had been prescribed at BWCI, plaintiff was taken off several medications, and eventually all blood testing came back negative.

3

She was released from St. Francis Hospital on February 22, 2006. For several months after her discharge, plaintiff lost feeling in her bottom lip and chin; her skin was very sensitive to touch, perfume, chemicals, dyes, water and soap; she had periodic "bee sting" sensations in her legs, and she "lost her taste buds." Plaintiff complained on several occasions of the overall aftereffects.

8. Plaintiff filed a grievance against Dr. Arumar for telling her on more than one occasion that nothing was wrong. She also filed a grievance against Baker because Baker tried to "blackmail" plaintiff into disregarding or misstating the conditions of the room plaintiff had been housed in while waiting to see Dr. Arumar. Plaintiff alleges that defendant Captain Joe Moore denied the grievance because it would go to Baker and Baker would dismiss it.

9. Plaintiff names as defendants former Commissioner Stanley Taylor ("Commissioner Taylor"), former Bureau Chief Paul Howard ("Howard"), Warden Patrick Ryan ("Ryan"), Director Chief Emanuel Walker ("Walker"), but there are no allegations in the complaint directed towards them. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Additionally, Fed. R. Civ. P. 8(a) provides that a pleading shall set forth a claim for relief with a short and plain statement of the claim showing that the pleader is entitled to relief. Even though the complaint is construed liberally, it does not contain sufficient allegations to alert these four defendants of any alleged wrongful conduct sufficient for them to file a responsive pleading. Therefore, the court will dismiss as

4


defendants Commissioner Taylor, Howard, Ryan, and Walker.

10. Plaintiff attempts to allege a state claim for medical malpractice. In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. 18 Del. Code Ann. § 6801(7). When a party alleges medical negligence, Delaware law requires the party to produce expert medical testimony detailing: "(1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury." Bonesmo v. Nemours Foundation, 253 F.Supp.2d 801, 804 (D. Del. 2003) (quoting Green v. Weiner, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); 18 Del. Code Ann. § 6853. Plaintiff did not include an affidavit of merit signed by an expert witness with her complaint as is required. Therefore, the medical malpractice claim is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

11. Plaintiff appears to allege that Allie, Baker, and Dr. Arumar were deliberately indifferent to her serious medical needs. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle v. Gamble, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate

indifference by "intentionally denying or delaying access to medical care." Estelle v. Gamble, 429 U.S. at 104-05.

12. However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. Poole v. Taylor, 466 F.Supp.2d 578, 589 (D. Del. 2006) (citing Harrison v. Barkley, 219 F.3d 132, 138-140 (2d Cir. 2000)). Moreover, allegations of medical malpractice are not sufficient to establish a constitutional violation. White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); see also Daniels v. Williams, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a constitutional deprivation).

13. Plaintiff alleges that she was medically treated by Dr. Arumar, and that it was Dr. Arumar who sought to have her admitted to hospital. Her main complaint against Dr. Arumar and Allie, it appears, is that they both incorrectly told her that her symptoms indicated she had HIV. Fortunately, as she alleges, hospital testing indicated that was not the case. The actions of Dr. Arumar and Allie do not rise to the level of a constitutional violation. At most, misstatements were made to plaintiff based upon the symptoms she exhibited. Plaintiff also alleges that Baker "fouled up" when giving her an IV. Again, the allegation does not rise to the level of a constitutional violation. Therefore, the court will dismiss the medical needs claims raised against Dr. Arumar, Allie, and Baker.

14. Plaintiff attempts to raise a conditions of confinement claim and a retaliation claim against Baker. A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or

6

such that it deprives an inmate of minimal civilized measure of the necessities of life. See Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson v. Seiter, 501 U.S. 294, 298 (1991). Plaintiff alleges that, while she waited to see the chronic care physician, she had to lie on dirty linen, in a room that was dusty, where medical equipment was stored and that contained two bags of three week old trash. Plaintiff was kept in the room for less than 24 hours.

15. The duration of the alleged violation is a particularly important factor to be considered in a conditions of confinement case. "A filthy, overcrowded cell and a diet of 'gruel' might be tolerable for a few days and intolerably cruel for weeks or months," Hutto v. Finney, 437 U.S. 678, 686-87 (1978), but de minimis deprivations generally will not rise to violations of the Eighth Amendment. See Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (excessive force claim). Plaintiff remained in conditions she found unacceptable for a very short period of time. While unpleasant, the allegations do not state a cognizable conditions of confinement claim. Therefore, the court will dismiss the claim.

16. Plaintiff alleges she filed a grievance because Baker "tried to blackmail" her into disregarding or misstating the condition of the room. This allegation appears to be the basis for her retaliation claim. Prisoners possess the constitutional right to seek redress of grievances as part of their right of meaningful access to the courts. See Bounds v. Smith, 430 U.S. 817, 821 (1977). "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990).

7

Proof of a retaliation claim requires that plaintiff demonstrate (1) she engaged in protected activity; (2) she was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. Anderson v. Davila, 125 F.3d 148, 160-61 (3d Cir. 1997) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U . S. 274 (1977); see also Allah v. Seiverling, 229 F.3d 220 (3d Cir. 2000) (a fact finder could conclude that retaliatory placement in administrative confinement would "deter a person of ordinary firmness from exercising his First Amendment rights" (citations omitted)).

17. Plaintiff's complaint makes it clear that while she may have been subjected to some type of unknown "blackmail," she was able to file a grievance regarding the conditions of the room, albeit unsuccessfully. Even liberally construing the complaint, plaintiff has failed to state a cognizable claim for retaliation for the exercise of a First Amendment right. Therefore, the court will dismiss the retaliation claim.

18. Plaintiff complains that Moore violated her constitutional rights when he denied the grievance she filed. Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances. Booth v. King, 346 F.Supp.2d 751,761(E.D. Pa. 2004). This is because inmates do not have a constitutionally protected right to the prison grievance procedure. Burnside v. Moser, No. 04-4713, 138 Fed. Appx. 414, 416 (3d Cir. 2005) (citations omitted) Here Moore did not ignore plaintiff's grievance, he merely denied it. Plaintiff cannot maintain a constitutional claim based upon the denial of a grievance. The claim, therefore, is

dismissed as frivolous.

19. **Conclusion**.  Based upon the foregoing analysis, the claims against former Commissioner Stanley Taylor, former Bureau Chief Paul Howard, Warden Patrick Ryan, Captain Joseph Moore, Director Chief Emanuel Walker, Medical Director Sihagombeth Allie, Dr. Arumar, and Dana Baker are dismissed without prejudice for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A, and the case is dismissed.  Amendment of the complaint would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d. Cir. 1976).

Plaintiff is not required to pay any previously assessed fees or the $350.00 filing fee.  The clerk of the court is directed to send a copy of this order to the appropriate prison business office.

_____
UNITED STATES DISTRICT JUDGE